UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUDOLF D. FULLYBRIGHT,<br><br>　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>AMAZON.COM INC., et al.,<br><br>　　　　　　　　Defendant(s). | CASE NO. C25-1458-KKE<br><br>ORDER DECLINING TO ISSUE SUMMONS PENDING AMENDMENT OF THE COMPLAINT |

Plaintiff Rudolf Fullybright, representing himself, filed this action and applied to proceed *in forma pauperis* ("IFP"). Dkt. No. 1. The Court notified Fullybright that his IFP application required correction, and Fullybright filed a corrected IFP application. Dkt. Nos. 4, 5. United States Magistrate Judge Brian A. Tsuchida granted Fullybright's IFP application on September 4, 2025, but recommended that the Court review his complaint under 28 U.S.C. § 1915(e)(2)(B) before summons are issued. Dkt. No. 8.

A complaint filed by any person seeking to proceed IFP under 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal by the Court "at any time" to the extent the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary

ORDER DECLINING TO ISSUE SUMMONS PENDING AMENDMENT OF THE COMPLAINT - 1

relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (applying § 1915 review to non-prisoner IFP plaintiffs). Dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although Rule 8 "does not require 'detailed factual allegations,' [] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.

In this case, Fullybright's complaint states that he has published two books and that Defendants have deprived him of at least $60 million in royalties he is entitled to, based on sales of his books. Dkt. No. 9 at 9. The complaint also references copyright infringement and piracy, (*id*. at 11), although elsewhere Fullybright acknowledges that he does not have registered copyrights in his books (Dkt. No. 12 at 2). Fullybright filed eleven emergency motions September 7–8, 2025, seeking immediate injunctive and monetary relief, and requested service of process by the United States Marshal. Dkt. Nos. 13–23.

As recommended by Judge Tsuchida, the Court has reviewed Fullybright's complaint and finds that it does not clearly state factual allegations to support a legally cognizable claim, nor does Fullybright clearly identify the claims that he brings against Defendants. Specifically, it is not clear whether Fullybright alleges he is entitled to royalties under a contract with any of the

ORDER DECLINING TO ISSUE SUMMONS PENDING AMENDMENT OF THE COMPLAINT - 2

Defendants (and therefore intends to bring a claim for breach of contract), and/or whether he attempts to maintain copyright infringement claims despite his failure to register copyrights in his books. *See, e.g.*, *Oregon Catholic Press v. Ambrosetti*, 218 F. Supp. 3d 1158, 1163 (D. Or. 2016) ("Copyright registration is a precondition of filing a copyright infringement action." (citing 17 U.S.C. § 411(a))).

Also, the section of Fullybright's complaint listing the statutes at issue in this case (Dkt. No. 9 at 3) reference fraud-related claims that would be subjected to a heightened pleading standard. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). The complaint does not explain with particularity the circumstances constituting fraud here.

Due to the lack of clear factual allegations as well as the lack of clear identification of the claims brought in the complaint, the Court cannot find that Fullybright has stated valid claims. **The Court therefore declines to issue summons at this time and ORDERS Fullybright to file an amended complaint, no later than September 30, 2025.** An amended complaint will completely replace the original complaint, and Fullybright must articulate both the legal and factual bases supporting his claims.[1] If Fullybright fails to file an amended complaint and/or fails to adequately address the issues identified in this order, the Court may dismiss this action for failure to state a claim or for failure to comply with a court order.

Because Fullybright's operative complaint fails to state a valid claim and must be amended before this litigation can proceed, the Court DENIES WITHOUT PREJUDICE Fullybright's pending motions. Dkt. Nos. 10, 13–23. Until the Court has authorized the issuance of summons and Defendants have notice, the Court cannot grant a motion for preliminary injunction, because

---

[1] Fullybright may wish to consult forms available on the Court's website for assistance in drafting an amended complaint. *See* https://www.wawd.uscourts.gov/court-forms#Pro%20Se.

ORDER DECLINING TO ISSUE SUMMONS PENDING AMENDMENT OF THE COMPLAINT - 3

such relief requires notice to a Defendant.  *See* Fed. R. Civ. P. 65(a)(1).  Accordingly, the Court will terminate and not consider any further motions for injunctive relief or motions for service of process by the United States Marshal filed before the Court has approved the issuance of summons.

Dated this 8th day of September, 2025.

*Kymberly K Evanson*
Kymberly K. Evanson
United States District Judge