UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUDOLF D. FULLYBRIGHT,<br><br>　　　　　　Plaintiff(s),<br>　v.<br><br>AMAZON.COM INC., et al.,<br><br>　　　　　　Defendant(s). | CASE NO. C25-1458-KKE<br><br>ORDER DIRECTING COURT-ASSISTED SERVICE AND TERMINATING MOTIONS |

　　　　The Court previously instructed Plaintiff to file an amended complaint to clarify the nature of his claims. Dkt. No. 24. Plaintiff has done so, and has also filed 11 motions for various forms of relief, some of them labeled "emergency" in nature. Dkt. Nos. 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36. Some of the motions also request injunctive relief. Dkt. Nos. 26, 28, 31, 35.

　　　　The Court finds that Plaintiff's amended complaint clarifies his allegations, as requested. *See* Dkt. No. 30. The clerk shall docket Plaintiff's amended complaint as such. Plaintiff previously requested Court assistance with effecting service (Dkt. No. 23), and the Court finds that this is appropriate. Accordingly, the Court directs the clerk to send Plaintiff the service forms. Plaintiff shall completely and accurately fill out the service forms, no later than October 23, 2025.

　　　　If Plaintiff returns the service forms, the clerk is directed to send the following to each named defendant for whom there is a completed service form, by first class mail: a copy of the

amended complaint (Dkt. No. 30) and of this order, a copy of the Notice of Lawsuit and Request for Waiver of Service of Summons, a Waiver of Service of Summons, and a return envelope with prepaid postage addressed to the Clerk's Office.  All costs of service shall be advanced by the United States.

Defendants shall have thirty days in which to return the enclosed Waiver of Service of Summons.  Each defendant who timely returns the signed Waiver shall have sixty days after the date designated on the Notice of Lawsuit to file and serve an answer or a motion directed to the complaint, as permitted by Rule 12 of the Federal Rules of Civil Procedure.  Any defendant who fails to timely return the signed waiver will be personally served with a summons and complaint, and may be required to pay the full costs of such service under Rule 4(d)(2).  A defendant who has been personally served shall file an answer or motion permitted under Rule 12 within thirty days after service.

Lastly, the Court finds that Plaintiff's motions for relief must be terminated at this time.  Dkt. Nos. 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36.  First, the monetary awards requested in Plaintiff's motions are not injunctive relief and Plaintiff cites no authority authorizing preliminary relief in the form of a monetary award.  *See* Dkt. Nos. 26, 28, 31, 35, 36.  Second, the Court has no information suggesting that Defendants have been notified of Plaintiff's preliminary injunction motions or this lawsuit, and Plaintiff has not shown that notice should not be required.  *See* Fed. R. Civ. P. 65(a)(1) ("The court may issue a preliminary injunction only on notice to the adverse party.").  Third, to the extent the motions request relief other than money or an injunction, such as the Court's acceptance of certain evidence (Dkt. No. 25, 27, 29) or the appointment of a forensic neutral (Dkt. Nos. 35, 36), the Court need not rule on evidentiary issues at this time, nor is it appropriate to appoint a forensic neutral without notice to Defendants.  *See* Fed. R. Civ. P. 53(b).

Accordingly, because the Court will not grant the relief requested in Plaintiff's numerous motions at this time, the Court directs the clerk to TERMINATE all pending motions.

Dated this 23rd day of September, 2025.

*Kymberly K. Evanson*

Kymberly K. Evanson
United States District Judge