UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUDOLF D. FULLYBRIGHT,<br><br>　　　　　　　Plaintiff(s),<br>　　v.<br><br>AMAZON.COM INC., et al.,<br><br>　　　　　　　Defendant(s). | CASE NO. C25-1458-KKE<br><br>ORDER DENYING EMERGENCY MOTIONS |

On September 23, 2025, the Court directed Plaintiff to complete service forms to allow for Defendants to receive process. Dkt. No. 37. In that same order, the Court terminated Plaintiff's numerous motions for injunctive relief, noting that he was not entitled to an award of monetary damages as injunctive relief. *Id.* at 2. On October 3, 2025, Plaintiff filed motions for *ex parte* emergency relief, requesting that the Court order Defendants to deposit royalties and revenues owed to Plaintiff into a Court-controlled account to prevent the funds from dissipation while this action is pending. Dkt. Nos. 38, 39, 40.

Motions for emergency relief, as Plaintiff has labeled his motions, are typically considered motions for preliminary injunction or temporary restraining order ("TRO"). "To obtain a

preliminary injunction, a plaintiff must establish (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) that the balance of equities favors the plaintiff, and (4) that an injunction is in the public interest." *Geo Grp., Inc. v. Newsom*, 50 F.4th 745, 753 (9th Cir. 2022). "Monetary injury, alone, does not meet [the] standard" for irreparable harm, because "[i]rreparable harm is traditionally defined as harm for which there is no adequate legal remedy, such as an award of damages." *Blocktree Props., LLC v. Pub. Util. Dist. No. 2 of Grant Cnty., Wash.*, 380 F. Supp. 3d 1102, 1126 (E.D. Wash. 2019); *Arizona Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014). Under Federal Rule of Civil Procedure 65(b), "a temporary restraining order may be granted without notice to the adverse party if it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant." *Klemmer v. Wash. State Dep't of Health*, No. C08-5135RJB, 2008 WL 11508839, at *1 (W.D. Wash. Mar. 20, 2008).

Here, Plaintiff has not met the high burden to show that he is entitled to injunctive relief, with or without notice to Defendants. Although he speculates that Defendants will be motivated to improperly transfer away funds owed to him as soon as they appear in this action (Dkt. No. 38 at 2), the Court does not find that such speculative financial harm constitutes the type of harm that the Court should remedy with an *ex parte* temporary or preliminary injunction. *See, e.g.*, *Thompson v. Mukilteo Sch. Dist. No. 6*, No. 2:25-cv-00529-JNW, 2025 WL 987130, at * (W.D. Wash. Apr. 2, 2025) ("An ex parte TRO can be warranted when it is necessary to avert some 'immediate threatened injury' (citing *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988)). Moreover, there are procedural requirements for the issuance of an *ex parte* injunction that Plaintiff has not satisfied. *See* Fed. R. Civ. P. 65(b); Local Rules W.D. Wash. LCR 65(b)(1). Even if Plaintiff *had* satisfied the procedural requirements, Plaintiff has failed to show

ORDER DENYING EMERGENCY MOTIONS - 2

that in the absence of preliminary relief, he would suffer irreparable harm for which there is no adequate legal remedy.

Accordingly, the Court DENIES Plaintiff's motions. Dkt. Nos. 38, 39, 40.

Dated this 3rd day of October, 2025.

*Kymberly K. Evanson*
Kymberly K. Evanson
United States District Judge