UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RUDOLF D. FULLYBRIGHT,

                Plaintiff(s),

    v.

AMAZON.COM INC., et al.,

                Defendant(s).

CASE NO. C25-1458-KKE

ORDER GRANTING MOTION TO
COMPEL ARBITRATION

Plaintiff Rudolf D. Fullybright is the author of multiple books that he self-published using Amazon.com Services LLC's ("Amazon") Kindle Direct Publishing ("KDP") program. Fullybright, representing himself, filed this action claiming that Amazon improperly withheld proceeds from the sales of his books. Dkt. No. 1-1. But when Fullybright created a KDP account, and again each time he published a book via the KDP program, he assented to an Agreement whose terms and conditions address, among other things, royalties, licensing, and distribution rights, and require him to arbitrate any claims related to the KDP program according to the American Arbitration Association's rules. *See* Dkt. No. 73 at 20, 83.[1] Those rules delegate any questions as to the scope of an arbitration clause or the arbitrability of a claim to the arbitrator. *Id*. at 79. Thus, Amazon moves to compel arbitration of Fullybright's claims, and to stay this litigation pending arbitration. Dkt. No. 72.

---

[1] This order refers to docket entries by their CM/ECF page number.

ORDER GRANTING MOTION TO COMPEL ARBITRATION - 1

Fullybright has filed many briefs and motions in response to Amazon's motion, but he does not dispute the core premise that he agreed to the KDP Agreement, which contains an arbitration clause. *See* Dkt. Nos. 77, 78, 80, 83, 84, 85, 88, 89, 90, 93, 94, 95, 96, 97. Thus, this Court is not the proper forum to resolve disputes as to the arbitrability or the merits of Fullybright's claims. Accordingly, the Court will grant Amazon's motion and stay this litigation.

## I.    BACKGROUND

Fullybright created a KDP account in December 2022, which required him to accept the KDP Agreement in order to do so. Dkt. No. 73 ¶¶ 5–7, 12. He accepted an updated version of the KDP Agreement again in February 2023 and June 2025 when he published books through the KDP service. *Id*. ¶¶ 10, 12–14.

Both versions of the KDP Agreement define "the terms and conditions of" Fullybright's "participation in the KDP self-publication and distribution program[,]" specifically addressing, among other topics, royalties and payments, as well as the distribution rights retained by Amazon. Dkt. No. 73 at 10, 15, 17, 78, 80–82. They also state that "[a]ny dispute or claim relating in any way to this Agreement or KDP will be resolved by binding arbitration, rather than in court[.]" *Id*. at 20, 83. The KDP Agreements also state that the Federal Arbitration Act ("FAA") governs and that arbitration must be "conducted by the American Arbitration Association (AAA) under its Commercial Arbitration Rules." *Id*. at 20, 83. The AAA's rules provide that threshold arbitrability issues and arguments as to the scope and enforceability of arbitration agreements are delegated to the arbitrator. *Id*. at 39.

Fullybright's operative complaint in this action alleges that Amazon infringed his copyrights and unlawfully retained royalties owed to Fullybright on books he published via the

ORDER GRANTING MOTION TO COMPEL ARBITRATION - 2

KDP program. *See* Dkt. No. 30 at 16–21. Amazon appeared in this action in December 2025[2] and contemporaneously filed a motion to compel arbitration and stay this case, which is now ripe for resolution.[3] Dkt. Nos. 69, 70, 72.

## II.    ANALYSIS

### A.    Legal Standards

Written agreements subject to the FAA, such as the Agreements here, "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract[.]" 9 U.S.C. § 2. The "'principal purpose' of the FAA is to 'ensur[e] that private arbitration agreements are enforced according to their terms.'" *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (quoting *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989)).

The court must compel arbitration if (1) a valid and enforceable agreement to arbitrate exists, and if so, (2) the claims at issue fall within the scope of that agreement. *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). Courts apply state contract law formation principles to determine the validity of an arbitration agreement. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). "When parties clearly and unmistakably agree to delegate arbitrability questions to an arbitrator through a delegation clause, courts must honor that agreement." *Goggins v. Amazon.com Inc.*, No. 2:24-cv-00257, 2025 WL 2782872, at *4 (W.D. Wash. Sep. 30, 2025). "The party seeking to avoid arbitration has the burden to show that

---

[2] Amazon's counsel appeared on behalf of the Defendant named in the operative complaint—Amazon.com Inc.—although, according to Amazon, Amazon.com Services LLC is the proper Defendant in this case. Dkt. No. 72 at 7 n.1. Although Fullybright's operative complaint lists Amazon.com Inc. as a Defendant, his subsequent filings alternately reference claims against Amazon.com Inc. and Amazon.com Services LLC. *See id.* In any event, both Amazon.com Services LLC and Amazon.com Inc. have standing to enforce the arbitration clause of the KDP Agreements. *See Goggins v. Amazon.com Inc.*, No. 2:24-cv-00257, 2025 WL 2782872, at *9 (W.D. Wash. Sep. 30, 2025).

[3] Although Fullybright states that Amazon's reply brief was filed late and its filing should have thus required leave of Court (Dkt. No. 96 at 8), the brief was timely filed. *See* Dkt. No. 92; Local Rules W.D. Wash. LCR 7.

the arbitration clause is unenforceable." *Gandee v. LDL Freedom Enters., Inc.*, 293 P.3d 1197, 1199 (Wash. 2013).

**B.      The Agreements Are Valid, Enforceable Contracts, Including the Arbitration Clause.**

Amazon asks the Court to compel the parties to arbitrate Fullybright's claims based on the arbitration clause of the KDP Agreements.  Dkt. No. 72.  Fullybright's opposition brief does not directly dispute the validity of the KDP Agreements.  Instead, he presents various arguments as to why his claims do not arise under them.  *See, e.g.*, Dkt. No. 83 at 15–17, 25–26, 35, 37, 40, 44. But the KDP Agreements provide that such questions of scope of the arbitration clause and the arbitrability of claims must be resolved by the arbitrator.  *See* Dkt. No. 73 at 39.  Likewise, Fullybright's arguments as to the merits of his claims against Amazon are premature.  Dkt. Nos. 77, 78, 80; Dkt. No. 83 at 44, 52–56; Dkt. No. 85.  Fullybright will have the opportunity to raise with the arbitrator the arguments contained in his motions and briefs, but the Court will not resolve them at this time.

"The proponent of a contract need only prove the existence of the contract and the other party's objective manifestation of intent to be bound thereby; the unexpressed subjective intent of either party is irrelevant." *Retail Clerks Health & Welfare Trust Funds v. Shopland Supermarket, Inc.*, 640 P.2d 1051, 1054 (Wash. 1982).  Here, Amazon drafted the KDP Agreements and Fullybright assented to their terms on multiple occasions.  *See* Dkt. No. 73 ¶¶ 5–8, 12–14.  These acts unmistakably point to the existence of agreements between the parties.  *See Peters v. Amazon Services LLC*, 2 F. Supp. 3d 1165, 1170 (W.D. Wash. 2013) (finding the existence of a valid contract between plaintiffs and Amazon where plaintiffs were required to assent to an agreement in order to create an account).  This Court has previously found the incorporation of the AAA Rules in the KDP Agreement to be "clear and unmistakable" evidence that the parties agreed to

ORDER GRANTING MOTION TO COMPEL ARBITRATION - 4

arbitrate arbitrability, and the Court is aware of no reason to depart from this reasoning here. *See Goggins*, 2025 WL 2782872, at *9.

And although Fullybright suggests that the Court should not permit Amazon to delay adjudication via arbitration (Dkt. No. 83 at 17–19), it is not clear that arbitration would be a more protracted process than litigation or that Amazon delayed in seeking to compel arbitration. As noted earlier in this order, Amazon filed a motion to compel arbitration on the same day it appeared in this action. Fullybright has not identified facts suggesting that Amazon seeks arbitration in bad faith, that its motion constitutes misconduct, or that Amazon is in "default" for purposes of 9 U.S.C. § 3. *See, e.g.*, Dkt. Nos. 96, 97.

Because Fullybright has not met his burden to show that the KDP Agreements containing the arbitration clause are invalid, and opposes arbitration for reasons that must be resolved by the arbitrator, the Court will grant Amazon's motion to compel arbitration. *See Joseph v. Amazon.com Inc.*, No. 23-cv-05176-PCP, 2024 WL 3012499, at *4 (N.D. Cal. June 14, 2024) (granting Amazon's motion to compel, enforcing the arbitration clause of the KDP Agreement); *Morningstar v. Amazon.com*, No. 3:23-CV-285-TSL-RPM, 2023 WL 4380047, at *3 (S.D. Miss. June 16, 2023) (same).

**C.       This Entire Action Shall be Stayed Pending Arbitration.**

Where, as here, some but not all of a plaintiff's claims will be arbitrated, a court retains discretion to stay the entire action pending arbitration. *See Britt on behalf of Calif. v. Lennar Corp.*, 732 F. Supp. 3d 1220, 1237 (E.D. Cal. 2024). The Court finds that a stay of the entire action would serve judicial economy and will therefore issue such a stay. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1935) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

ORDER GRANTING MOTION TO COMPEL ARBITRATION - 5

Because this matter will be stayed, the Court will briefly address Fullybright's pending motions. Several of his motions advance arguments or request relief that must be directed to the arbitrator, and will not be resolved by this Court. Dkt. Nos. 77, 78, 80, 85, 96, 97. Fullybright's motion for leave to amend the complaint to add claims against an additional Defendant will also be terminated, subject to reactivation after the conclusion of arbitration. Dkt. No. 84.

Fullybright's motion requesting a referral for criminal charges to be brought against Amazon (Dkt. No. 90) is denied due to his lack of standing to seek such relief. *See Redmond v. United States*, No. 22-CV-01107-TSH, 2022 WL 1304472, at *3 (N.D. Cal. May 2, 2022) (holding that "private individuals lack standing to assert claims for relief based on criminal statutes"); *see also :Candy-Anh-Thu:Tran v. Daniel*, No. 17-cv-4243-BLF, 2017 WL 6513414, at *2 (N.D. Cal. Dec. 20, 2017) ("The decision to institute criminal proceedings lies within the discretion of the proper state or federal prosecuting authority." (quoting *Harbor v. Kim*, No. ED CV 16-01906-GW-KS, 2017 WL 443164, at *4 (C.D. Cal. Jan. 31, 2017))).

Lastly, Fullybright's motion for monetary relief from either this Court or from Amazon is denied. Dkt. No. 94. Contrary to Fullybright's understanding, when the Court granted Fullybright's motion to proceed *in forma pauperis*, this was not a loan; the filing fee was entirely waived and will not be subtracted from a future award. *See* Dkt. No. 8. As the Court has previously explained (Dkt. No. 56), while the Court remains sympathetic to Fullybright's financial circumstances, the Court is not aware of any legal authority supporting Fullybright's request for a monetary advance from either the Court or from Amazon.

## III.    CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to compel arbitration. Dkt. No. 72. Some of Plaintiff's motions are TERMINATED (Dkt. Nos. 77, 78, 80, 84, 85, 96, 97) and some are DENIED (Dkt. Nos. 90, 94).

ORDER GRANTING MOTION TO COMPEL ARBITRATION - 6

This matter is STAYED pending arbitration, and Plaintiff and Amazon are ORDERED to notify the Court within 14 days of the issuance of the arbitrator's decision.  If arbitration has not concluded by August 3, 2026, the parties shall file an update on the status of arbitration no later than this date.

Dated this 2nd day of February, 2026.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING MOTION TO COMPEL ARBITRATION - 7