UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RUDOLF D. FULLYBRIGHT,

                Plaintiff,

     v.

AMAZON.COM INC et al.,

                Defendant.

CASE NO. 2:25-cv-01458-KKE

ORDER AFFIRMING DENIAL OF
RECUSAL (DKT. NO. 121)

This matter comes before the Court on the Honorable District Judge Kymberly Evanson's denial (Dkt. No. 121) of Plaintiff's motions for recusal (Dkt. Nos. 116, 117, 118, 120). Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge Evanson's decision not to recuse.

## I    BACKGROUND

Plaintiff filed four documents entitled motions for Judge Evanson's recusal between March 6, 2026 and March 9, 2026.  (Dkt. Nos. 116, 117, 118, 120.)  Plaintiff makes two arguments for Judge Evanson's recusal: first, he asserts she failed to address Amazon's misrepresentations and, second, he asserts she misrepresented his statements.  (Dkt. Nos. 116 at 6; 117 at 4; 120 at 2.)  Plaintiff asserts there are "reasonable concerns regarding bias or prejudice affecting the fairness of these proceedings" based on what he asserts is "the Court's reliance on multiple factual false premises that materially differ from the record on dispositive issues and the failure to address multiple documented misrepresentations that were brought before the Court."  (Dkt. No. 117 at 4.)  Judge Evanson declined to voluntarily recuse herself and referred this matter to the undersigned on March 9, 2026.  (Dkt. No. 121.)

Since then, Plaintiff has filed five separate supplements.  (Dkt. Nos. 122, 124, 125, 129, 131, 132.)  Each one identifies it is an "addendum" to "Recusal Motion at Docket 117 – Seeking Recusal Pursuant to § 144."  (*See* Dkt. Nos. 122 at 1; 124 at 1; 125 at 1; 129 at 1; 131 at 1; 132 at 1.)  Each one also seeks to provide information about the history of present litigation and the reasons why Plaintiff disagrees with various rulings Judge Evanson has issued in this matter.  Some of the addendums ask the Court to vacate rulings made by Judge Evanson.  (*See* Dkt. Nos. 129 at 2; 132 at 3.)

## II    LEGAL FAMEWORK

### A.  28 U.S.C. § 144

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 121) - 2

therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. "Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case." *U.S. v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978). "The alleged prejudice must come from an extrajudicial source." *U.S. v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). "Adverse rulings do not constitute the requisite bias or prejudice" for recusal under 28 U.S.C. § 144. *Azhocar*, 581 F.2d at 739.

**B. 28 U.S.C. § 455**

Under 28 U.S.C. § 455, a judge must recuse when "his [or her] impartiality might reasonably be questioned" or where he or she "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). As with section 144, 28 U.S.C. §455 "is limited by the 'extrajudicial source' factor[.]" *U.S. v. Holland*, 519 F.3d 909, 913–914 (9th Cir. 2008). Accordingly, "the judge's conduct during the proceedings should not, except in the 'rarest of circumstances' form the sole basis for recusal under § 455(a)." *Id*. at 914 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

## III   ANALYSIS

Plaintiff's complaints about Judge Evanson are fundamentally about her rulings in this matter and, as such, fail to state a basis requiring Judge Evanson to recuse herself from this matter. How a judge considers statements from opposing counsel and how a judge herself considers a party's presentation of the facts are matters squarely about a judge's ruling and within judicial proceedings. *See Bryan v. Washington*, No. 3:23-cv-06042-KKE-DWC, 2024 WL 972676, *1 (W.D. Wash. Feb. 26, 2024) (finding Plaintiff's argument that the presiding judge "intentionally misrepresented" his claims are about the judge's ruling and are insufficient to warrant recusal); *Bonner v. Kijakazi*, No. C02-1572 DWC, 2022 WL 73866, *1–2 (W.D.

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 121) - 3

Wash. Jan. 7, 2022) (disagreements on tone and how to address an opposing party's statements are about the judge's ruling and are insufficient to warrant recusal).  While Plaintiff may strongly disagree with and be upset by Judge Evanson's adjudication of this case, he asserts no facts indicating Judge Evanson has displayed personal bias or prejudice in this matter.  Plaintiff offers no extrajudicial basis source for claiming Judge Evanson is biased.

**IV    ORDER**

Accordingly, the Court AFFIRMS Judge Evanson's denial (Dkt. No. 121) of Plaintiff's motions for recusal (Dkt. Nos. 116, 117, 118, 120).  To the extent any of Plaintiff's addenda (Dkt. Nos. 122, 124, 125, 129, 131, and 132) seek relief other than Judge Evanson's recusal, they are DENIED as being outside the scope of the referral to the undersigned.  This matter is returned to Judge Evanson for further proceedings.

Dated this 18th day of March, 2026.

David G. Estudillo
United States District Judge

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 121) - 4