UNI UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUDOLF D. FULLYBRIGHT,<br><br>　　　　　　Plaintiff(s),<br>　　v.<br><br>AMAZON.COM INC., et al.,<br><br>　　　　　　Defendant(s). | CASE NO. C25-1458-KKE<br><br>ORDER ON PENDING MOTIONS |

The Court previously granted Defendant Amazon.com Inc.'s motion to compel arbitration and stayed this case pending arbitration.  Dkt. No. 98.  Plaintiff, representing himself, thereafter appealed that order to the Ninth Circuit Court of Appeals (Dkt. No. 99) and filed a motion to stay this case pending appeal.  Dkt. No. 113.

While the motion to stay pending appeal was pending, the Ninth Circuit dismissed in part and denied in part Plaintiff's appeal (Dkt. No. 115), which moots the motion to stay pending appeal. *See* Dkt. No. 127.  Amazon noted that the motion had become moot (*id*.) and Plaintiff did not file a reply brief rebutting that argument.  Plaintiff's motion to stay pending appeal (Dkt. No. 113) is DENIED AS MOOT.

Plaintiff has also filed two motions requesting relief under Federal Rule of Civil Procedure 60(b)(3) and 60(b)(6).  Rule 60(b) allows a party to move for relief from "a final judgment, order or proceeding" for one of six stated reasons, including the reason primarily invoked by Plaintiff:

ORDER ON PENDING MOTIONS - 1

"fraud … , misrepresentation, or misconduct by an opposing party[.]"  Rule 60(b)(3).  Rule 60(b)(6) is a catch-all provision, authorizing relief for "any other reason that justifies relief."  But Rule 60 provides relief only where a final judgment or final order within the meaning of Federal Rule of Civil Procedure 54 has been rendered.  *See Amazon.com Inc. v. Robojap Techs*. LLC, C20-694 MJP, 2021 WL 3674788, at *2 (W.D. Wash. Aug. 19, 2021); *Dally Props., LLC v. Truck Ins. Exchange*, No. C05-0254L, 2006 WL 1303317, at *1 (W.D. Wash. May 10, 2006).  The Court's order granting Amazon's motion to compel arbitration is not such an order.  *See* Dkt. No. 115 (Ninth Circuit's order explaining that the Court's order granting the motion to compel arbitration is not a final order).  Thus, the Court DENIES Plaintiff's request for relief under Rule 60(b).  Dkt. Nos. 136, 137.

To the extent that Plaintiff's Rule 60 motions could be construed as motions for reconsideration under Local Rules W.D. Wash. LCR 7(h), the Court finds that the motions do not provide a basis for reconsideration.  "Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."  Local Rules W.D. Wash. LCR 7(h)(1).

> A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly. *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

*Nelson v. Thurston County*, No. C18-5184 RBL, 2019 WL 1489134, at *1 (W.D. Wash. Apr. 3, 2019).

Here, Plaintiff clearly disagrees with the Court's prior order granting Amazon's motion to compel arbitration, but has not shown that reconsideration is warranted. Although Plaintiff vigorously disputes many of Amazon's factual assertions in its briefing on the motion to compel arbitration, the Court did not accept the truth of those disputed assertions and instead found that Plaintiff would have the opportunity to present those disputes to the arbitrator and the Court declined to resolve them. *See* Dkt. No. 98 at 4. Moreover, to the extent that Plaintiff argues that requiring him to proceed to arbitration while his judicial proceedings are stayed is a manifest injustice (Dkt. No. 136 at 5), Plaintiff cites no authority supporting this argument and the Court is not aware of any. Thus, if Plaintiff's Rule 60 motions are construed as motions for reconsideration, Court nonetheless DENIES them as such.

Lastly, the Court notes that Plaintiff filed a letter to be considered by Chief Judge Estudillo. Dkt. No. 139. This matter was briefly referred to Chief Judge Estudillo to resolve Plaintiff's motions for recusal, but after Chief Judge Estudillo affirmed the denial of those motions, he returned this matter to this Court. *See* Dkt. No. 135. Thus, the Court will not refer any filings for Chief Judge Estudillo's consideration at this time.

Dated this 24th day of March, 2026.

Kymberly K. Evanson
United States District Judge

ORDER ON PENDING MOTIONS - 3