UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RUDOLF D. FULLYBRIGHT,

                    Plaintiff,

        v.

AMAZON.COM INC et al.,

                    Defendants.

CASE NO. 2:25-cv-01458-KKE

ORDER AFFIRMING JUDGE EVANSON'S DENIAL (DKT. NO. 170) OF PLAINTIFF'S MOTION FOR RECUSAL (DKT. NO. 169)

This matter presently comes before the Court on the Honorable District Judge Kymberly Evanson's denial (Dkt. No. 170) of Plaintiff's second set of motions for recusal (Dkt. Nos. 169, 171, 172, 175).  The Court has previously denied Plaintiff's request to have Judge Evanson recuse from this matter.  (*See* Dkt. No. 135) (affirming Judge Evanson's denial of recusal.) Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge Evanson's decision not to recuse.

ORDER AFFIRMING JUDGE EVANSON'S DENIAL (DKT. NO. 170) OF PLAINTIFF'S MOTION FOR RECUSAL (DKT. NO. 169) - 1

## I    BACKGROUND

Plaintiff moved for Judge Evanson's recusal on May 26, 2026.  (Dkt. No. 169.) Plaintiff's motion asserts Judge Evanson's "management" of the case "**violates multiple federal laws, destroys the integrity** of proceedings instead of protecting it, and literally **places a litigant's life in danger**[.]"  (Dkt. No. 169 at 4) (emphasis in original).  Fundamentally, however, the basis for Plaintiff's motion is Judge Evanson's ruling on arbitration, which he asserts "was heavily impacted by misrepresentations and false statements by both Judge Evanson and defendant counsel."  (Dkt. No. 169-1 at 2.)  On May 27, 2026, Judge Evanson declined recusal and referred this matter to the undersigned.  (Dkt. No. 170.)

Since then, Plaintiff has filed three additional supplements.  (Dkt. Nos. 171, 172, 175.) All three take issue with Judge Evanson's order declining to recuse herself.

## II    LEGAL FAMEWORK

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."  28 U.S.C. § 144.  "Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case."  *U.S. v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978).  "The alleged prejudice must come from an extrajudicial source."  *U.S. v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986).  "Adverse rulings do not constitute the requisite bias or prejudice" for recusal under 28 U.S.C. § 144.  *Azhocar*, 581 F.2d at 739.

### III     ANALYSIS

Plaintiff's complaints about Judge Evanson are fundamentally about her rulings in this matter and, as such, fail to state a basis supporting Judge Evanson's recusal.  As an example, Plaintiff identifies the following statement from Judge Evanson's Order Granting Motion to Compel Arbitration: "[Plaintiff] has not identified facts suggesting that Amazon seeks arbitration in bad faith, that its motion constitutes misconduct, or that Amazon is in 'default' for purposes of 9 U.S.C. § 3."  (Dkt. No. 175 at 5, quoting Dkt. No. 98 at 5.)  Plaintiff then identifies he disagrees the record supports this conclusion.  (*Id.*)  However, Plaintiff's proper recourse is to seek appeal of Judge Evanson's ruling(s) rather than attempts to relitigate matters already ruled upon through repeated requests for recusal.

As previously stated in the prior order denying recusal, while Plaintiff may strongly disagree with and be upset by Judge Evanson's adjudication of this case, he asserts no facts indicating Judge Evanson has displayed personal bias or prejudice in this matter.  In sum, Plaintiff offers no extrajudicial basis source for claiming Judge Evanson is biased.

### IV     ORDER

Accordingly, the Court AFFIRMS Judge Evanson's denial (Dkt. No. 170) of Plaintiff's motions for recusal (Dkt. Nos. 169, 171, 172, 175).  This matter is returned to Judge Evanson for further proceedings.

Dated this 1st day of June, 2026.

David G. Estudillo
United States District Judge

ORDER AFFIRMING JUDGE EVANSON'S DENIAL (DKT. NO. 170) OF PLAINTIFF'S MOTION FOR RECUSAL (DKT. NO. 169) - 3