UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUDOLF D. FULLYBRIGHT,<br>Plaintiff(s),<br>v.<br>AMAZON.COM INC., et al.,<br>Defendant(s). | CASE NO. C25-1458-KKE<br><br>ORDER DENYING PLAINTIFF'S MOTION TO LIFT STAY |

In February 2026, the Court granted Defendant Amazon.com Inc.'s motion to compel arbitration and stayed this case pending arbitration. Dkt. No. 98. Plaintiff, representing himself, continues to object to the Court's entry of that order, as exemplified by his repeated requests that the Court vacate that order, motions asking the Court to recuse itself from participating in this case, and repeated appeals of the Court's order compelling arbitration. Dkt. Nos. 99, 104, 116, 117, 118, 119, 136, 137, 146, 161, 169, 178, 182. The motions seeking to lift the stay and requesting recusal have been denied, and the Ninth Circuit has dismissed Plaintiff's appeals. Dkt. Nos. 112, 115, 121, 135, 143, 150, 176, 177, 190. Nonetheless, Plaintiff requests that the Court vacate the prior order compelling arbitration due to his technical difficulties in initiating arbitration and lift the stay. Dkt. No. 191.

Although this case was filed more than one year ago, it has plateaued at an early stage of litigation. The Court is not satisfied by Plaintiff's excerpted screenshots that arbitration is not

feasible as a technical matter. Plaintiff has submitted evidence that he has been able to create a WebFile account with the American Arbitration Association ("AAA") (Dkt. No. 191-2 at 5), and the next step requires him to obtain a 12-digit AAA case number. *Id*. at 1. Although Plaintiff has apparently tried unsuccessfully in the past to obtain this case number, the Court has no basis to conclude that all further efforts would be futile. Notably, the Court previously ordered Plaintiff to call the AAA's customer service line with Amazon's counsel to obtain assistance in initiating arbitration proceedings, and Amazon's counsel reported that Plaintiff refused to comply with this order. Dkt. No. 184.

The Court is furthermore concerned that Plaintiff's delay tactics are undermining a purpose of the Federal Arbitration Act: "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.* 460 U.S. 1, 22 (1983). The Ninth Circuit has declined to permit "a party refusing to cooperate with arbitration to indefinitely postpone litigation." *Sink v. Aden Enters., Inc.*, 352 F.3d 1197, 1201 (9th Cir. 2003). Although Plaintiff appears to be experiencing some legitimate technical challenges, when those challenges are viewed in the context of his repeated efforts to delay or avoid arbitration by filing baseless motions to recuse, misconduct complaints against the Court and opposing counsel (Dkt. Nos. 119, 144, 145, 154, 155, 160, 167, 173, 188), and appeals, the Court is nonetheless concerned that Plaintiff's tactics may represent abusive litigation.

At this point, the Court DENIES Plaintiff's motion to lift the stay (Dkt. No. 191) and once again ORDERS Plaintiff to initiate arbitration proceedings. Plaintiff shall file a status update no later than November 1, 2026, to confirm that proceedings are underway or, if they are not, to explain what efforts he has taken to initiate them since his last update. If Plaintiff has not yet initiated proceedings by that time and fails to provide a satisfactory explanation, the Court will

order Plaintiff to show cause why he should not be sanctioned for failure to comply with a court order.

Dated this 24th day of August, 2026.

Kymberly K. Evanson
United States District Judge